UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CHARLES DIDIER CALIXTE,

        Plaintiff,

                                        **MEMORANDUM AND ORDER**
        -against-                        21-CV-3623 (RPK) (LB)

SUSAN RAY EQUITIES INC.,

        Defendant.

-------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

        Plaintiff Charles Didier Calixte brings this action *pro se* against Susan Ray Equities Inc. *See* Compl. (Dkt. #1). Because he fails to state a claim over which this Court has jurisdiction, his complaint is dismissed.

## BACKGROUND

        Mr. Calixte alleges that he lived in an apartment with his son and her mother, Compl. 5 & 8 (Dkt. #1), and paid some portion of the rent, *id*. 5-7. When he asked the landlord, defendant Susan Ray Equities Inc., to transfer the lease into his name, defendant refused. *Id.* at 5. On August 20, 2021, defendant sent the building's superintendent to change the locks and deny Mr. Calixte access to the apartment. Ltr. from Charles Didier Calixte 1 (Dkt. #7). When plaintiff tried to gain access, the superintendent called the police. *Ibid*. Mr. Calixte also claims that defendant "laced his food." Compl. 5. On this basis, Mr. Calixte sued for race discrimination, *id.* at 8, asserting federal-question jurisdiction based on the Ninth and Fourteenth Amendments, *id.* at 3-4.

        The Court ordered Mr. Calixte to show cause why the lawsuit should not be dismissed for lack of subject-matter jurisdiction. The order noted that federal courts lack jurisdiction over landlord-tenant disputes and that Mr. Calixte failed to allege the facts necessary to support a

1

discrimination claim under 42 U.S.C. § 1983 or a claim of housing discrimination under the Fair Housing Act, 42 U.S.C. § 3601 *et seq*. The Court directed Mr. Calixte to supplement his pleadings to allege facts substantiating a federal claim. November 8, 2021 Order. In response, Mr. Calixte explained that he is black, the superintendent is white, and defendant Susan Ray Equities is a "Jew[-]owned business." Ltr. 1-2.

## DISCUSSION

A federal court may *sua sponte* raise the question of whether it has subject-matter jurisdiction over a case. *United Food & Comm. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). If a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A complaint filed by a *pro se* plaintiff must be "liberally construed, and . . . held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotations and citations omitted), but a *pro se* plaintiff must "still . . . establish[ ] that the court has subject matter jurisdiction over the action," *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005).

Mr. Calixte has failed to establish that this Court has jurisdiction to hear his case. He invokes federal jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see* Compl. at 4 (identifying the Ninth and Fourteenth Amendments as the source of the Court's jurisdiction). A case arises under federal law for purposes of Section 1331 "if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (citations omitted). A federal court lacks jurisdiction over a federal claim that "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly

2

insubstantial and frivolous." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (internal quotations omitted). Here, construed liberally, the complaint might be read as invoking the Fair Housing Act or Section 1983. But any assertions of federal jurisdiction under those statutes appear wholly insubstantial and frivolous.

To plead a claim under the Fair Housing Act, a plaintiff must adequately plead housing discrimination because of race. 42 U.S.C. § 3604(b). To do so, a plaintiff may offer direct evidence of discriminatory treatment. "Direct evidence of discriminatory treatment is evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse action." *Fair Hous. Just. Ctr., Inc. v. Cuomo*, No. 18-CV-3196 (VSB), 2018 WL 4565152, at *11 (S.D.N.Y. Sept. 24, 2018) (quoting *United States v. Hylton*, 944 F. Supp. 2d 176, 187 (D. Conn. 2013), *aff'd*, 590 F. App'x 13 (2d Cir. 2014)). Alternatively, a plaintiff may make out a *prima facie* case of discrimination under the *McDonnell Douglas* burden-shifting framework. *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 73 (2d Cir. 2021) (en banc). To do so, he must offer "at least minimal support for the proposition that" an adverse action by a housing provider "was motivated by discriminatory intent." *Ibid*.

Mr. Calixte falls far short of pleading that defendant took action against him based on race under either of these methods. He alleges no direct evidence of discrimination, since he does not allege facts, such as statements or written policies, that directly show that defendant treated him as it did because of his race. Nor does he provide even minimal support for the claim that defendant was motivated by discriminatory intent under the *McDonnell Douglas* framework. Mr. Calixte's allegations that Mr. Calixte is black and the owners of defendant are allegedly Jewish is not remotely adequate to support an inference that defendant's actions toward Mr. Calixte were

motivated by his race. After, all, "the mere fact that something bad happens to a member of a particular racial group does not, without more, establish that it happened *because* the person is a member of that racial group." *Williams v. Calderoni*, 11-CV-3020 (CM), 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012) (emphasis in original), *aff'd sub nom. Williams v. Schwartz*, 529 F. App'x 89 (2d Cir. 2013); *Brown v. Greene*, 11-CV-4917 (BMC), 2012 WL 911560, at *3 (E.D.N.Y. Mar. 16, 2012) (rejecting "conclusory allegations that [the plaintiff] was mistreated as a result of his race"); *see Jackson v. Wells Fargo Home Mortg.*, No. 15-CV-5062 (PKC) (ST), 2018 WL 8369422, at *6 (E.D.N.Y. Aug. 10, 2018) (rejecting as insufficient to raise an inference of discrimination the allegation that "everyone [the plaintiff] communicated with and had authority over her application was white" (internal quotations and brackets omitted)), *report and recommendation adopted*, 2019 WL 1376840 (E.D.N.Y. Mar. 27, 2019), *aff'd*, 811 F. App'x 27 (2d Cir. 2020). Beyond this, Mr. Calixte's assertions that defendant abused him because of his race depend entirely on "speculative inference." *Francis*, 992 F.3d at 74. But speculative inference is not enough to state a Fair Housing Act claim.

Plaintiff also falls far short of stating a valid Section 1983 claim. Section 1983 permits suit against any person who deprives another of "any rights, privileges, or immunities secured by the Constitution and laws." However, "[e]mbedded in our Fourteenth Amendment jurisprudence is a dichotomy between state action, which is subject to scrutiny under the Amendment's Due Process Clause, and private conduct, against which the Amendment affords no shield, no matter how unfair the conduct may be." *National Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988). Accordingly, "[w]hen Congress enacted § 1983 as the statutory remedy for violations of the Constitution, it specified that the conduct at issue must have occurred 'under color of' state law." *Ibid.*; *see Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 263-64 (2d Cir.

4

2014). As a result, suits may only be brought against private individuals "if, [and] only if," a "close nexus exists between the state and the challenged action." *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quotations omitted). Plaintiff alleges no such nexus. Nothing in the complaint indicates that the landlord bore any relationship to the state, or that the landlord's actions "may be fairly treated as that of the State itself." *Ibid.* (quotations omitted). Instead, Mr. Calixte simply asserts that a landlord did not transfer a lease into his name and then locked him out. Accordingly, any Section 1983 claim set forth in the complaint is "wholly insubstantial and frivolous." *Steel Co.*, 523 U.S. at 89 (citations omitted).

In sum, Mr. Calixte states no valid federal claim. At most, he alleges landlord-tenant disputes, and the Court lacks "subject matter jurisdiction over landlord-tenant matters such as those raised here." *Allied Manor Rd. LLC v. Berrios*, No. 17-CV-2277 (WKF) (RML), 2017 WL 5558650, at *1 (E.D.N.Y. Apr. 20, 2017) (collecting cases). Accordingly, the complaint is dismissed.

## CONCLUSION

The complaint is dismissed without prejudice for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Plaintiff has thirty days to file a motion seeking leave to file an Amended Complaint. The new complaint must be captioned "Amended Complaint" and shall bear the same docket number as this order. All further proceedings are stayed for 30 days. If plaintiff does not file such a motion within 30 days, judgment shall be entered dismissing the case.

SO ORDERED.

                                                  /s/ Rachel Kovner
                                                  RACHEL P. KOVNER
                                                  United States District Judge

Dated:        January 12, 2022
                Brooklyn, New York